Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
RAFAEL ANGEL MALDONADO,                )                  No. 08-05-00332-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  205th District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 980D10897)

MEMORANDUM OPINION

            Rafael Angel Maldonado attempts to appeal his conviction for sexual assault of a child. 
Finding that Appellant has not timely filed his notice of appeal or a motion for extension of time,
we dismiss the appeal.
            The record before us reflects that sentence was imposed in open court on July 19, 2005. 
Appellant did not file a motion for new trial. He filed notice of appeal on September 30, 2005. By
letter dated October 10, 2005, we notified Appellant in writing of our intent to dismiss this appeal
for want of jurisdiction. Appellant responded by filing a motion for out-of-time appeal.
            A timely notice of appeal is necessary to invoke this Court’s jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex.Crim.App. 1996). Appellant’s notice of appeal was due to be filed on August
18, 2005, thirty days after the day sentence was imposed in open court. See Tex.R.App.P. 26.2(a)(1). 
Pursuant to Rule 26.3, a court of appeals may grant an extension of time to file notice of appeal if
the notice is filed within fifteen days after the last day allowed and, within the same period, a motion
is filed in the court of appeals reasonably explaining the need for the extension of time. 
Tex.R.App.P. 26.3; Olivo, 918 S.W.2d at 522. Because Appellant did not file his notice of appeal
until September 30, 2005, and he failed to file a motion for extension of time, he failed to perfect
the appeal. This Court does not have jurisdiction to grant Appellant’s motion for out-of-time appeal
as this is a matter which falls within the exclusive jurisdiction of the Court of Criminal Appeals. See
Tex.Code Crim.Proc.Ann. art. 11.07 (Vernon 2005). Accordingly, we dismiss the appeal for want
of jurisdiction.

December 8, 2005                                                       
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)